UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JARMON JONES** | : | **CIVIL ACTION NO. 15-CV-134** |
| DOC #388455 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint filed in forma pauperis by plaintiff Jarmon Jones (hereinafter "Jones"). Jones is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

As defendants Jones names: ACC Warden Keith Cooley; ACC Health Services Administrator Angela Easom; ACC Dr. John Doe I; ACC Nurse Hebert, ACC Nurse Michelle; ACC X-Ray Technician John Doe II; and Global Expertise in Outsourcing Group, Inc. (hereinafter "GEO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Jones states that he was denied proper medical care thus violating his Eighth Amendment right against cruel and unusual punishment. Doc. 5, p. 6. He claims that on July 12, 2014, he seriously injured his finger while playing basketball. Doc. 5, p. 8. He contends that the bone broke

through his skin, causing a large laceration. *Id.* He was immediately seen in the prison infirmary by Nurse Hebert, who did not have authority to send him to an outside medical facility. *Id.* Hebert called Health Service Administrator Angela Easom for instructions on how to proceed and was told to treat Jones at ACC. *Id.* Hebert put a splint on his finger, gave him Motrin, and sent him back to his dorm. *Id.*

On July 15, 2014, the ACC x-ray technician x-rayed Jones' finger and informed him that it was dislocated, not broken. *Id.* On the same day, an unknown nurse wrapped his finger with medical tape and issued him authorization for daily bandage changes. Doc. 5, p. 9. On July 21, 2014, Jones saw the ACC doctor (defendant Dr. John Doe I), who was also under the impression that his finger was dislocated. *Id.* Jones states that the doctor told him that it was too late to apply stitches to the laceration on his finger. *Id.* The doctor also told him that all he could do was to schedule an orthopedic appointment "to re-break the bone and realign it because that should have been done on the date of the injury." *Id.* The doctor also informed Jones that all he could give him for pain was Motrin. *Id.*

Jones alleges that between July 21, 2014 and July 28, 2014, he only had his bandage changed once because none of the nurses were willing change it. *Id.* On August 1, 2014, Jones states that Nurse Michelle told him that she did not have time to change his bandage and that she would have someone on the next shift do it but it was never done. *Id.* Jones claims that he continuously complained about the pain he was experiencing but was not prescribed additional pain medication. Doc. 5, p. 10.

On August 8, 2014, Jones was sent to EA Conway in Monroe for orthopedic treatment. *Id.* According to Jones, the doctor there told him that because ACC waited too long to send him for treatment surgery would be required. *Id.* Jones states that surgery was performed and that

additional surgery will be needed to remove the pins placed in his finger. *Id.* He also claims that he will never regain full use of his finger. *Id.*

As relief for the above, Jones declaratory and compensatory relief. Doc. 5, pp. 11-12.

## II.
### LAW AND ANALYSIS

### A. Frivolity Review

Jones has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the

defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

Jones, via his complaint and amendments, has sufficiently presented his claims. The court is convinced that further amendment of his complaint would serve no useful purpose. Thus, accepting Jones's allegations as true, the court concludes that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### C. Supervisory Liability

Jones has failed to stated a claim against GEO or Warden Cooley. It is clear that these parties are named in their supervisory capacities. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Id.*

Jones has not alleged personal involvement on the part of these defendants nor has he alleged that either implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. His claims against these defendants should be dismissed.

### D. Medical Care Claims

Jones claims that his medical care was inadequate.

Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. An inmate's rights are violated only if the defendants act with deliberate indifference to a substantial risk of serious medical harm which results in injury. Thus, in the present case, Jones can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical

necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

In the instant case, the information contained in Jones' complaint shows that he received substantial medical treatment. The facts do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. His allegations, at most, state a disagreement amongst him and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. *See Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. The evidence before the court simply does not support a finding of deliberate indifference and his claims should be dismissed.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Jones's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE